**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MOHAMED O. SALEH, MD, BCFM, FAPA,
ASAM, ABPN,

       Plaintiff,

vs.                                 Case No. 3:17-cv-1465-J-34PDB

STATE OF FLORIDA, et al.,

       Defendants.

_____

## ORDER

    **THIS CAUSE** is before the Court on the Plaintiff's Complaint (Doc. 1: Complaint),

and on Plaintiff's Verified Petition for Temporary Injunction (Doc. 2: TRO Motion), both of

which were filed on December 29, 2017.  Plaintiff, who is proceeding pro se, names 33

Defendants, including the State of Florida, state agencies, a state Circuit Court judge, the

Duval County Tax Collector, the State of Nevada, a former Congresswoman, and various

individuals.[1]  Plaintiff has also filed a Petition for Appointment of Pro Bono Counsel (Doc.

3), and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long

Form), which the Court construes as a Motion to Proceed In Forma Pauperis.  (Doc. 4; IFP

---

[1] The named Defendants are: State of Florida; Corinne Brown; Summer Nichols; Agency for Health and Human Services; Agency for Healthcare Administration; Florida State Department of Health; Florida' Board of Medicine Administrative Staff (to be identified); Horace Dozier; Reginald Gaffney; Mark Uleri; Sheriff's Office Jacksonville, Florida; Claudia Kemp; Reginald Estell; Susan Pniewski; Caryl Kilinski; Gregg McCaulie, Judge Fourth Circuit Court; Carmen Gilley; State of Nevada; Thomas Carroll; Office of the District Attorney, Clark County, Nevada; Unidentified Congressperson and/or Senator from Nevada State; Kendra Still; Unidentified Employee with the Florida Domestic Depository; Board of Directors Community Rehabilitation Center (CRC); Graciela Altamirano Saleh; Finance of America Reverse Mortgage Company; North Florida Judicial Qualifications Commission; Florida State Board of Medicine Physicians sitting on April 6, 2017; Florida State Board of Medicine Physicians sitting on June 9, 2017; Magdalena Averhoff, M.D.; Dr. Sarvam Terkonda, M.D.; Derek Bermudez; and Duval County Tax Collector.  (Doc. 1 at 1-2).

Motion).

Plaintiff's' 11-page two-count Complaint includes numerous conclusory allegations and irrelevant facts. He includes allegations of a "conspiracy" and "cabal," and resultant "Medicaid Fraud," allegedly perpetrated by various individuals he has named as defendants, in connection with three behavioral health agencies he, as a doctor, helped to establish and serve. (See Doc. 1 at 3-5; Complaint ¶¶ 17-40, 42-45, 48-52). Plaintiff attaches 28 exhibits to the Complaint. Despite extensive allegations of conspiracy and misdeeds, Plaintiff's Complaint rests on two claims: one involving his dissolution of marriage proceeding currently pending in state court (Count One), and the other related to the loss of his medical license (Count Two).

In Count One, entitled "Conspiracy to Facilitate a Murder," Plaintiff seeks an injunction cancelling an upcoming contempt hearing in his dissolution proceeding, set for January 8, 2018, in state court. Plaintiff alleges that

> 10.    It is literally a matter of 'life or death' that the attached Emergency Petition for an Injunction is granted.
>
> 11.    The Hearing scheduled on 1/8/2018 in Circuit Court, must not take place

(Doc. 1 at 3; Complaint ¶¶ 10, 11). Plaintiff presents allegations regarding the chronology of his dissolution of marriage proceedings, and his concerns with the now-presiding Judge Gregg McCaulie. (See Doc. 1 at 6-8; Complaint ¶¶ 59-95). Plaintiff alleges that Judge McCaulie, the Judicial Qualifications Commission, and his former wife's attorney are "co-conspirators," and that his former wife's attorney "has filed for an illegitimate Motion to bring the [Plaintiff] to the Fourth Circuit Courthouse, on 1/8/2018 where the plaintiff is certain an illegitimate order to incarcerate him will be issued." Id. at 7; Complaint ¶¶ 79-83.

In Count Two, entitled "Deprivation of Rights Under Color of Law and Tortious Interference," the Plaintiff incorporates and re-alleges all of his jurisdictional and general factual allegations as well as all five allegations from Count One. See Doc. 1 at 5, 8; Complaint ¶¶ 47, 98. He also "alleges that employees of the Agency for Health care administration [sic] in collusion with the ex Congresswoman Corinne Brown conspired to prevent the renewal of the Plaintiff's Florida Medical License." (Doc. 1 at 8; Complaint ¶ 100). Although almost entirely indecipherable, it appears that Plaintiff alleges that his Medical License problems were related at least in part, to charges that arose in Nevada. Id. at 8-11; Complaint ¶¶101-142. As relief, Plaintiff requests "monetary damage commensurate with the income that he has lost in five years," as well as a Court order requiring "the Department of health [sic] to vacate the unlawful 'termination from Medicaid' order issued on 9/12/2012 and based on illegal, fabricated and conspiratorial charges of 'conspiracy with his own patients[']" and the impeachment of "attorney Susan Pniewsky." Id. at 11; Complaint ¶¶ 145-147.

In Plaintiff's TRO Motion which is verified, Plaintiff focuses on the upcoming contempt hearing in the ongoing marraige dissolution case. (See Doc. 2). Plaintiff asserts that he has been a practicing physician in Duval County, Florida for 30 years; that he has a "current, active and unrestricted Nevada State Medical License," and that "[h]is Unblemished Florida Medical License was not renewed in 2013 due to a series of convoluted torts . . . ." Id. at 2; TRO Motion ¶¶ 5-7). Plaintiff asserts that he has "personal knowledge" that his ex-wife's attorney "plans to have [Plaintiff] incarcerated," and that the "threatened act complained of is a Hearing" that will be held in state court on January 8, 2018, before state Circuit Judge McCaulie in conjunction with Plaintiff's dissolution of

marriage.  Id.; TRO Motion ¶¶ 10, 19, 21.  Plaintiff requests an order: 1) cancelling the January 8, 2018 state court hearing and enjoining his ex-wife's attorney from scheduling any further state court hearings in the dissolution proceeding until this case is heard; referring the dissolution case "to a new venue or the Alternate Dispute Resolution Program"; and removing his ex-wife's attorney from the dissolution proceedings.  Id. at 4; TRO Motion ¶¶ 37, 37, 39.[2]

## I.  Standard of Review

Because Plaintiff seeks to proceed in forma pauperis, the Court reviews Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B), a complaint may be dismissed as "frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, inter alia, there is an affirmative defense which would defeat the claim, such as the statute of limitations, res judicata, collateral estoppel, or absolute immunity.  Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 & n.2 (11th Cir.1990). Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke, 490 U.S. at 327.  Dismissal can occur "at any time" if the Court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).  Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Rule 12(b)(6), Federal Rules

---

[2] The TRO motion has two paragraphs numbered "37."

of Civil Procedure (Rule(s)). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

Under Rule 12(b)(6), dismissal is proper if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). While "detailed factual allegations" are not required, mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). In considering the sufficiency of a pleading pursuant to Rule 12(b)(6), the allegations in the Complaint must be accepted as true and construed in the light most favorable to the plaintiff. See Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Though pro se pleadings are held to a less strict standard than those drafted by lawyers and "thus are construed liberally," Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir.2008), the Court does not have "license to serve as de facto counsel for a party" or to "rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.1998), overruled on other grounds as recognized by Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

This Court has adopted a procedure where review of a pro se litigant's in forma pauperis application involves a simultaneous two-step inquiry at the outset, involving an evaluation of an applicant's financial status pursuant to 28 U.S.C. § 1915(a)(1) and a review of the applicant's complaint under 28 U.S.C. § 1915(e)(2)(B). If the pro se plaintiff fails on either requirement, then the application to proceed in forma pauperis is due to be denied. In MacLeod v. Scott, No. 3:14-cv-794-J-39MCR (M.D. Fla. Feb. 24, 2015) (Docket Entry 25), the Court stated:

Since Plaintiff has filed an application to proceed in forma

pauperis, the Court is obligated to review the case and to dismiss if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court also has an obligation to inquire into its subject matter jurisdiction sua sponte. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").

Id. at 1 (denying Plaintiff's Motion to Proceed In Forma Pauperis, and dismissing Plaintiff's amended complaint without prejudice for lack of subject matter jurisdiction). Under this dual approach, § 1915(e)(2) provides, in essence, a screening process, to be applied sua sponte and at any time during the proceedings. See Cintron v. Upright, No. 2:07-cv-7-FtM-99DNF, 2007 WL 168523, at *1 (M.D. Fla. Jan. 18, 2007) (citing 28 U.S.C. § 1915(e)(2)) (unpublished opinion). See generally Micklas v. Phillips, 522 F. App'x 616, 618 (11th Cir. 2013) ("Section 1915 does not state that a court must grant in forma pauperis status prior to dismissing a case for frivolousness or failure to state a claim. . . . In fact, it provides that if a court determines that the action is frivolous, malicious, fails to state a claim or seeks monetary damages from an immune defendant, the court shall dismiss the case 'at any time.'" (quoting 28 U.S.C. § 1915(e)(2)) (unpublished opinion); Abram-Adams v. Citigroup, Inc., 491 F. App'x 972, 976 (11th Cir. 2012) ("[B]ecause the district court correctly dismissed Abram-Adams's complaint as time-barred, her motion for in forma pauperis status was moot, and the district court did not err by denying it.").

## II.    **Pleading Deficiencies**

As a preliminary matter, the Court finds that the Complaint constitutes an

impermissible "shotgun pleading." Because the Complaint fails to comply with the pleading requirements of Rules 8 and 10, Federal Rules of Civil Procedure (Rule(s)), the Court is unable to determine what Plaintiff is claiming, and against which Defendant(s) he is making each claim. While pro se complaints are to be held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[3]

There are four basic types of shotgun pleadings:

> (1) those in which "each count adopts the allegations of all preceding counts;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which.

Yeyille v. Miami Dade Cty. Pub. Sch., 643 F. App'x 882, 884 (11th Cir. 2016) (citing Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.2d at 1323. Plaintiff's Complaint falls into categories (1), (2) and (4).

When faced with a shotgun complaint, the Court, in ruling on the sufficiency of a

---

[3] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rule(s)").

claim, must take on the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Here, where Plaintiff incorporates all of his often irrelevant allegations into each claim, without specifying which facts support the elements of each claim, he falls short of the pleading requirements necessary for successfully stating a claim for relief.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.") (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657

F.3d 1146, 1151 (11th Cir. 2011)).  For this reason alone, Plaintiff's Complaint is due to be stricken.

Of equal concern is the fact that the Complaint does not clearly set forth which Defendant or Defendants are being sued as to each claim.  "'A complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action."  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).  Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'"  Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).  "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader."  Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) (quoting Byrne, 261 F.3d at 1128).  Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what plaintiff is claiming.  See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86

(11th Cir. 2008) (citing <u>Ambrosia Coal & Const. Co. v. Pages Morales</u>, 482 F.3d 1309, 1317 (11th Cir. 2007) and <u>Brooks v. Blue Cross and Blue Shield of Fla., Inc.</u>, 116 F.3d 1364, 1381 (11th Cir. 1997)).

Because the instant Complaint fails to conform with the pleading standards of Rules 8 and 10, Federal Rules of Civil Procedure, it is due to be stricken. Moreover, as discussed more fully below, the Court is unable to determine whether it has jurisdiction over this action or whether Plaintiff's claims are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). As such, the Court will strike the Complaint and allow Plaintiff the opportunity to file an amended complaint, consistent with the pleading requirements as set forth above. Additionally, the amended complaint should set forth "a short and plain statement" of Plaintiff's claims demonstrating that Plaintiff is entitled to relief. <u>See</u> Rules 8(a)(2), 10(b). Plaintiff should describe in sufficient and relevant detail the factual basis for each of his claims and how each Defendant is responsible.

## III. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and therefore have an independent obligation to inquire into their subject matter jurisdiction. <u>See</u> <u>Kirkland</u>, 243 F.3d at 1279-80. This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. <u>See</u> <u>Univ. of S. Ala.</u>, 168 F.3d at 410. "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." <u>Baltin v. Alaron Trading, Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997). In the event the Court

"determines at any time that it lacks subject-matter jurisdiction," it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Upon review, the Court determines that the allegations in Plaintiff's complaint are insufficient to establish the Court's subject matter jurisdiction over this action. Although Plaintiff asserts that the Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 (see Doc. 1 at 2; Complaint ¶ 6), this conclusory statement is unsupported by his allegations. For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Plaintiff alleges that he is a "resident" of Duval County Florida, that some of the Defendants are "residents" of Florida, and that some Defendants are "residents" of states other than Florida. Id., Complaint ¶¶ 1-5. To establish diversity over a natural person, the party invoking the Court's jurisdiction must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). As such, Plaintiff's allegations regarding the residency of the parties are insufficient to establish their citizenship. Moreover, if Plaintiff were to allege that the parties are citizens of the states in which they reside, diversity jurisdiction would be defeated by the fact that Plaintiff and some Defendants would be citizens of the same state, Florida.

Turning next to the possibility of federal question jurisdiction or jurisdiction under a specific statutory grant, the Court notes that Plaintiff fails to assert the existence of such

a basis for jurisdiction.  Nonetheless, in light of his pro se status, the Court has carefully reviewed his claims in an attempt to ascertain whether his claims fall within the Court's subject matter jurisdiction.  In his Count One claim for "Conspiracy to facilitate a Murder," Plaintiff includes a rambling litany of unrelated allegations about various defendants and the myriad ways they have harmed him and interfere with dissolution proceedings.  The legal basis of his claim, if one exists, is simply indecipherable.  Certainly, it is devoid of any attempt by Plaintiff to suggest the existence of any basis for federal subject matter jurisdiction.

Moreover, even if the Court otherwise had a basis to exercise subject matter jurisdiction, to the extent Plaintiff is asking the Court, in Count I to prevent the January 8, 2018 hearing in his state court dissolution of marriage proceeding, this claim would likely be subject to dismissal.  While the Court is unable to discern from the face of the Complaint whether Plaintiffs' state court action is still pending or is closed, the Court may lack jurisdiction to interfere with state court proceedings in either posture.  Pursuant to the Younger abstention doctrine,[4] this Court must abstain from interfering with pending "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."  Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013) (citation omitted).  Without question, the state court's ongoing dissolution of marriage proceeding and pending contempt hearing present an exceptional circumstance that is uniquely in furtherance of the state courts' ability to perform its judicial function.  See

---

[4] See Younger v. Harris, 401 U.S. 37 (1971).

Chen ex rel. v. Lester, 364 Fed. Appx. 531, 535 (11th Cir. 2010); Cormier v. Green, 141 Fed. Appx. 808, 813 (11th Cir. 2005).

To the extent Plaintiff is asking this Court to review, overturn, or interfere with a state court dissolution of marriage judgment, this Court likely lacks subject matter jurisdiction over the request under the Rooker-Feldman doctrine.[5] "The Rooker-Feldman doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing Feldman, 460 U.S. at 482). Indeed, under the Rooker-Feldman doctrine, "[i]t is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997).

Turning to Count Two, it is possible that Plaintiff may be attempting to plead a federal civil rights claim in connection with the loss of his medical license. However as with Count One, Plaintiff's allegations are so disjointed and convoluted that the Court is unable to determine whether he states a claim over which the court has subject matter jurisdiction, much less whether it is one that is not frivolous under 28 U.S.C. § 1915(e)(2)(B). As such, having carefully reviewed the complaint, the Court cannot determine whether it has subject matter jurisdiction over this action. Because Plaintiff, as the party invoking the Court's jurisdiction, has the burden of establishing the existence of jurisdiction, the Court will give him the opportunity to amend his complaint to clarify the basis of his claims and whether the court has jurisdiction over this action.

---

[5] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

## IV. Request for Injunctive Relief

In his TRO Motion, Plaintiff seeks injunctive relief in the form of a temporary restraining order, without service of process on Defendants. He requests an order cancelling a state court contempt hearing scheduled for Monday, January 8, 2018, enjoining Plaintiff's ex-wife's attorney from filing motions in the state court dissolution proceedings and removing her from the case, and ordering that the state court dissolution proceeding be transferred to another venue or to the Alterative Dispute Resolution Program. (Doc. 2 at 4 (TRO Motion ¶¶ 37, 37, 39).

The Court is authorized to enter a preliminary injunction by Rule 65, Federal Rules of Civil Procedure, and has the inherent authority to issue an injunction to remedy a violation of constitutional rights. Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004). To prevail on his request for injunctive relief, Plaintiff must demonstrate: "(1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest." Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002). A preliminary injunction is a drastic and extraordinary remedy which should not be granted unless the movant can clearly establish each of the four elements. America's Health Ins. Plans v. Hudgens, 742 F.3d 1319, 1329 (11th Cir. 2014). "The burden of persuasion on all of the four requirements is at all times upon the plaintiff."

Canal Auth. of Fla. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974).[6]  The failure to establish

an element, such as a substantial likelihood of success on the merits, will warrant denial

of the request for preliminary injunctive relief and obviate the need to consider the

remaining prerequisites.  See Pittman v. Cole, 267 F.3d 1269, 1292 (11th Cir. 2001) (citing

Church v. City of Huntsville, 30 F.3d 1332, 1342-47 (11th Cir. 1994)).  When a plaintiff

seeks a temporary restraining order, Local Rule 4.05(b)(2) of the Local Rules of the United

States District Court for the Middle District of Florida (Local Rule(s)), requires a showing

that "not only that the moving party is threatened with irreparable injury, but that such injury

is so imminent that notice and a hearing on the application for preliminary injunction is

impractical if not impossible."

For the reasons set forth above, the TRO Motion is due to be denied.  Based upon

the allegations of the Complaint, the Plaintiff has failed to establish that Court has the

requisite jurisdiction over Plaintiff's request that this Court enjoin an ongoing state court

dissolution of marriage proceeding.  Additionally, Plaintiff has failed to comply with all of

the procedural requirements governing a motion for a temporary restraining order set forth

in Rule 65 of the Federal Rules of Civil Procedure and Local Rules 4.05 and 4.06, which

govern the entry of preliminary injunctions and temporary restraining orders.  While Plaintiff

has filed a separate verified motion addressing the threat of irreparable injury, and what

conduct he seeks to have enjoined, see Local Rules 4.05(b)(1) and 4.05(b)(2), he has

failed to comply with other provisions of Local Rule 4.05(b).  Specifically, the Local Rules

require that Plaintiff's motion set forth facts on which the Court can reasonably determine

---

[6]  In Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh
Circuit adopted as binding precedent decisions of the former Fifth Circuit rendered prior to October 1,
1981.

the amount of security to be posted, be accompanied by a proposed form of order, and contain a supporting legal memorandum. See Local Rule 4.05(b)(3). The legal memorandum in support of the motion must address four specific factors, including the likelihood of success, the threatened irreparable injury, the potential harm to the opposing parties, and the public interest, if any. See Local Rule 4.05(b)(4); see also Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1035 (11th Cir. 2001). While Plaintiff references in conclusory terms the standard for the grant of injunctive relief, (Doc. 2 at 3; TRO Motion ¶¶ 29-33), he makes no showing that all of these standards are met, nor does he provide a legal memorandum in support of the TRO Motion. Additionally, Plaintiff has not addressed the posting of security or provided a proposed order. For all of these reasons, and because Plaintiff has failed to establish a substantial likelihood of success on the merits of the underlying case, his TRO Motion is due to be denied. To the extent that Plaintiff intends to seek preliminary injunctive relief in any future filing, Plaintiff should review and comply with all requirements of the Federal Rules and the Local Rules of this Court.

## V.      Assistance For Pro Se Litigants

To assist unrepresented parties such as Plaintiff, the Court has added a section to its website designed to help pro se litigants, with a link entitled "Proceeding Without a Lawyer," which Plaintiff may access at the following address:

http://www.flmd.uscourts.gov/pro_se/

There, Plaintiff will find an overview of the litigation process, a copy of the Local Rules, and instructions and an online tool which Plaintiff may use (but is not required to do so) for drafting a proper complaint. Plaintiff will find a copy of the Federal Rules of Civil Procedure

in the federal and state courthouses' public law libraries.  Plaintiff is again cautioned that the Court will not rewrite his Complaint, or any amended complaint, to find a claim.  <u>See</u> <u>Peterson v. Atlanta Hous. Auth.</u>, 998 F.2d 904, 912 (11th Cir. 1993).

Upon due consideration, it is hereby

**ORDERED**:

1.      Plaintiff's Petition for Appointment of Pro Bono Counsel (Doc. 3), and Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which the Court construes as a Motion to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Doc. 4), **remain under advisement**.

2.      Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

3.      Plaintiff shall file an amended complaint consistent with the directives of this Order, on or before **January 31, 2018**.  Failure to do so may result in dismissal of this action.

4.      Plaintiff's Verified Petition for Temporary Injunction (Doc. 2) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Jacksonville, Florida, this 5th day of January, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc26

Copies furnished to:

Counsel of Record
Unrepresented Parties
The Hon. Gregg McCaulie